USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PLACIDE, LOUIS BERNARD,  :

                   Petitioner,  :

     - against -  :

ERIC H. HOLDER,[1] Attorney General of the  :
United States, et al.,

                   :

               Respondents.
------------------------------------------------------------x

**REPORT AND RECOMMENDATION TO THE HONORABLE RICHARD J. HOLWELL**

09 Civ. 3504 (RJH) (FM)

**FRANK MAAS**, United States Magistrate Judge.

     Pro se petitioner Louis Bernard Placide ("Placide") brings this habeas proceeding, pursuant to 28 U.S.C. § 2241, to challenge his detention by Immigration and Customs Enforcement ("ICE"), an agency of the United States Department of Homeland Security ("DHS"). Placide is a native and citizen of Haiti who was placed in ICE custody on July 17, 2008, pending his removal from the United States. In his petition (Docket No. 1 ("Petition" or "Pet.")), Placide contends that his "removal to Haiti is not significantly likely to occur in the reasonably foreseeable future," and that his continued detention violates 8 U.S.C. § 1231(a)(6), a statute he alleges has been interpreted to permit only six months of detention pending removal. (Pet. ¶ 22) (citing Zadvydas v. Davis, 533 U.S. 678, 701 (2001)).

---

     [1]     Eric H. Holder, the current Attorney General of the United States, has been substituted as the defendant pursuant to Fed. R. Civ. P. 25(d).

By the time Placide submitted his Petition, ICE already had attempted to remove him to Haiti, having initially taken him to John F. Kennedy International Airport for that purpose on January 5, 2009. (Pet. ¶ 16). Placide contends, however, that ICE did not return "his life saving[s]" to him, thereby "preventing [him] from boarding the aircraft." (Id.; see also Attach. dated Jan. 5, 2009). On January 9, 2009, ICE reviewed Placide's custody status and determined that he would not be released because he posed a flight risk, had not demonstrated residence in or ties to the community, and was subject to imminent removal. (Resp't's Mem. Ex. D). ICE again attempted to remove Placide on January 22, 2009, at which point he similarly refused to board the aircraft. (Id. at 2 & Ex. E). Accordingly, Placide was advised that he would continue to remain in ICE custody, and that the statutory removal period was being extended pursuant to 8 U.S.C. § 1231(a)(1)(C). (Id. Ex. E)

On June 5, 2009, despite its prior determination, ICE notified Placide that he would be released from custody under an Intensive Supervision Appearance Program, pending his removal from the United States. (Id. Ex. F). The release notification advised Placide that his release would be subject to certain written conditions, the violation of which might result in his being taken back into custody. (Id.).

Because the custody status of aliens under ICE supervision often changes, it is the practice of my Chambers to inquire about their current whereabouts when reviewing Section 2241 petitions. Through telephone calls to ICE, we confirmed that

2

Placide is no longer in custody, although he has yet to be removed to Haiti. The Office of the United States Attorney for the Southern District of New York also indicates that Placide has been released. (See letter from AUSA Shane Cargo to the Court, dated Jun. 18, 2009, at 1).

Since Placide is no longer being held, this proceeding, which seeks only release-related relief, (see Pet. Prayer), is moot. See, e.g., Masoud v. Filip, 08 Civ. 6345 (CJS)(VEB), 2009 WL 223006, at *6 (W.D.N.Y. Jan. 279, 2009) ("Because the only relief [petitioner] sought . . . was release from DHS custody, his habeas petition became moot upon his release under an order of supervision, which terminated his custodial detention."); compare Farez-Espinoza v. Napolitano, No. 08 Civ. 11060 (HB), 2009 WL 1118098, at *7 (S.D.N.Y. Apr. 27, 2009) (alien's release did not render habeas petition moot because government maintained that she could be re-detained "in any instance," regardless of whether statutory authority for detention existed).

Conclusion

For the foregoing reasons, the Petition should be dismissed as moot. I note that Placide has not advised the Court of his present whereabouts, but I have sent a copy of this Report and Recommendation to his last known address.

Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have ten days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Holwell and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Holwell. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:     New York, New York
           July 31, 2009

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

Louis Bernard Placide
A96-500-431
Varick Federal Detention Center
201 Varick Street, 4th Floor
New York, New York 10014

Shane Cargo, Esq.
Assistant United States Attorney
Fax: (212) 637-2786